UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARYAM ASLANI,               )
                             )
     Plaintiff,              )
                             )
                             )
     v.                      ) Civil Action No. 1:16CV1343
                             )
KATHLEEN KASHIMA,            )
                             )
     Defendant.              )
                             )

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's Motion for Default Judgment (Dkt. 7.) and defendant's Opposition to Motion for Entry of Default. (Dkt. 12.) Upon review of the record and upon consideration of the pleadings, the undersigned Magistrate Judge makes the following recommendation for dismissal of this case pursuant to 28 U.S.C. §636(b)(1)(B).

PROCEDURAL HISTORY

Plaintiff, Maryam Aslani, a resident of Virginia proceeding pro se, filed a Complaint in this action on October 26, 2016, and an Amended Complaint on November 4, 2016, alleging "a Title IX violation, Title IX retaliation, defamation per se, false light, and intentional infliction of emotional distress all arising from the Defendant's intentional efforts to cause the

1

Plaintiff harm." (Dkts. 1, 4.)[1] Plaintiff alleges she was a fourth year medical student at the University of Illinois at Chicago College of Medicine ("UICCOM") when she "was dismissed on April 29th, just 2 months prior to her graduation" after plaintiff complained of sexual harassment by a university affiliate to defendant. (Am. Compl. 2.) Plaintiff further alleges UICCOM failed to take proper action when plaintiff informed defendant of her complaint and instead took retaliatory action against plaintiff between February and April 2016. (Id. at 2-3.)

On November 9, 2016, plaintiff attempted to serve defendant. (Dkt. 4.) However, the undersigned finds service of process was improper under Federal Rules of Civil Procedure 4(e) which requires service upon an individual by personal service, at the individual's dwelling or place of abode, or delivery to an agent authorized by appointment or law. Fed. R. Civ. Pro. 4(e). Here, plaintiff served a student services coordinator at the university, Corey Conn, who was not authorized to accept service of process on behalf of defendant. (Dkt. 4; Kashima Aff. 1.)

---

[1] The record before the Court includes the Complaint ("Compl."), and the Amended Complaint ("Am. Compl."), and Affidavit of Kathleen Kashima in Support of Opposition to Motion for Entry of Default ("Kashima Aff.")(Dkt. 13).

2

On December 2, 2016, plaintiff filed a Motion for Default Judgment. (Dkt. 7.) Defendant filed an Opposition to the Motion for Default on December 7, 2016. (Dkt. 12.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissal is proper when a district court is unable to exercise personal jurisdiction over a party. Fed. R. Civ. Pro. 12(b)(2). The undersigned finds plaintiff's Complaint alleges no facts relevant to establishing that defendant who allegedly violated her rights in Illinois had contacts with Virginia, nor that any of the alleged unlawful conduct of the defendant occurred within Virginia. All of plaintiff's allegations took place in Chicago, Illinois where the medical school is located.

Additionally, venue is improper in this Court pursuant to 28 U.S.C §1391. Plaintiff concedes defendant resides in Chicago, Illinois, is employed by UICCOM in Chicago, Illinois, and the alleged events giving rise to plaintiff's causes of action occurred in Illinois.

Therefore, the Court is unable to hear plaintiff's claims against defendant.

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's Complaint against defendant be dismissed for lack of jurisdiction.

IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

Maryam Aslani
8214 Cottage Street
Vienna, VA 22180

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

December 9, 2016
Alexandria, Virginia